DECEMBER 8, 1803.

# Harry Innes, Executor of Edmund Lyne, *v.* Edmund Lyne's Devisees.

*Upon an appeal from a decree of the General Court.*

A testator liberating his slaves, directed his executor to see that his will was carried out, and that the whole of his personal and real estate should first be devoted to the support and freedom of his slaves, after which the residue should go as the law directs—*Held:* That the executor had the right to the custody of the negro children during their minority, to retain a sufficient amount of the estate for their support during minority, and to pay for their schooling if he saw fit to send them to school.

This suit, by consent of the parties, having been submitted without the assignment of errors, it must be considered at large on its merits.

The will of Edmund Lyne, on which this contest arises, is short, and, therefore, with the greater propriety may be repeated. It is as followeth : "November 26, 1791. Whatever form or mode the State of Virginia may or shall adopt for my appointing my friend Harry Innes to govern or execute my design, or forward the execution of this my last will is uncertain, as I am unacquainted with the form of law. However, this much I wish to be done : first, after my death, each slave that is in bondage under me shall be liberated. Thus far I hope my friend Harry Innes will conduct and perform, which is my last wish. I do hereby constitute Harry Innes my trusty friend, to take charge of all my cash, which consists of 207¾ dollars, 216 French crowns, £.173 2s in gold, 60½ dollars, and one guinea. This, together with the whole of my property, personal and real, to support the freedom of my slaves, after which, the balance to be disposed of as the law directs."

It appears that three of the testator's young negroes, who are the subjects of this contest, were freed from slavery by this will, which seems to be conceded by his legatees. And it further appears that by the act of assembly of Virginia, authorizing the

manumission of slaves, that the testator's estate is made liable for their support and maintenance until they arrive to certain ages therein specified, and that on general principles of law this duty devolved on his executor; and that the executor has a right to retain in his hands so much of the estate as he or a court of chancery may deem sufficient for the purpose. The amount of what may be necessary for their support depends on a variety of contingencies which can not be foreseen, and can only be estimated from a consideration of what is generally needed for the support of other minors who are destitute of property. And it is conceived that this duty also necessarily implies that the executor is to have the possession or management of these young negroes until, on proof of negligence, the court of the county shall otherwise direct. Thus it is evident that the act and the general principles of law relative to the duty and power of executors which have been alluded to, do so far aid and support this will, that these negroes are not only emancipated but a maintenance and guardianship during their infancy secured to them. But if any doubt can be entertained as to the person to whose custody and care these negroes ought to be confided, it will be removed by a due attention to the will. By it the testator has subjected all his estate, personal and real, to defray the expenses of manumitting his slaves, and invested his executor with the power of a special trustee to accomplish the purpose, therefore, the custody or guardianship of those who were minors, is necessarily implied, or is necessarily incident to the trust, and had not the law provided for their maintenance out of the testators estate, that also must be considered as intended by the will. It only remains to inquire whether by this will the executors was authorized to pay for the schooling of these young negroes? The expression therein, " to support the freedom of my slaves " is very comprehensive, and it would be repugnant to the rational and benevolent intention displayed by the testator to restrict his liberality to the expenses of a suit at law for the establishment of the freedom of these negroes. From the whole complexion of this will, it must mean or imply everything which is necessary to make their freedom a real advantage to them. And on the face of the will it is also apparent that the testator placed the most unbounded confidence in his executor, and this court conceives that he ought not to be restrained from fulfilling the trust reposed in him as he may think proper, unless he shall be guilty of gross misconduct. It will no doubt be his duty, as soon

Mosley *v.* Mosley.

as it can be done with propriety, to have these young negroes bound out to learn some beneficial trade, and their master or mistress will be required to give them as much learning as is thought requisite to enable them advantageously to exercise their trade when they arrive at maturity. But this requisition is too often evaded to the irreparable injury of apprentices. Therefore, if the executor has sent or shall send these children to school at the expense of his testator's estate, the more certainly to secure them those branches of learning which the law specifies such apprentices shall receive, he ought to be justified in so doing. It need not be mentioned, that this opinion is in part variant from the decree of the general court.

Wherefore, it is decreed and ordered, that the said decree of the general court be reversed, and that the suit be remanded to the said court to settle the accounts of the said executor conformably to the foregoing opinion, including his costs expended in the prosecution of this suit in that court, in the late district court of Franklin and in this court, the amount whereof to be placed to his credit. And, moreover, direct what further sum of money the said executor shall retain in his hands belonging to the estate of the said Edmund Lyne deceased, for the future support and education of the young negroes, Milly, James, and Lucy, mentioned in his bill of complaint, which is ordered to be certified to the said court.